# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KEITH E. BARNWELL, et al.** ) | |
| ) | |
| **on behalf of themselves** ) | |
| **and all others similarly situated,** ) | **Case No. 08-CV-2151-JWL-DJW** |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | |
| **CORRECTIONS CORPORATION OF** ) | |
| **AMERICA, a Maryland corporation,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Pending before the Court are Plaintiffs' Motion for Protective Order (doc. 145) and Defendant's Motion for Leave to File Sur-Reply Brief in Opposition to Plaintiffs' Motion for Protective Order (doc. 152). For the reasons set forth below, Plaintiffs' Motion for Protective Order is moot in part, granted in part and denied in part, and Defendant's motion to file a sur-reply brief is denied.

## I.     BACKGROUND

Plaintiffs, on behalf of themselves and all others similarly situated, brought a collective action against Defendant under the Fair Labor Standards Act, 29 U.S.C. § 216(b), seeking unpaid compensation, overtime compensation and related penalties and damages.[1] On September 12, 2008, Plaintiffs filed their Motion for Conditional Certification of Class Claims Under § 216(b) of the FLSA (doc. 104). On September 14, 2008, Plaintiffs filed 197 sworn statements in support of their motion for conditional certification.[2] With leave of the Court, on

---

[1] *See* First Am. Compl. (doc. 3).

1

October 8, 2008, Plaintiff filed two additional sworn statements.[3] Defendant filed its response to Plaintiffs' motion for conditional certification of their collective action claims on October 30, 2008 (doc. 163).

On October 9, 2008, Defendant sent its Notice of Depositions to Plaintiffs' counsel.[4] Defendant's notice identified ten opt-in Plaintiffs located in five different states.[5] Nine of the Plaintiffs were scheduled to be deposed between October 20, 2008 and October 23, 2008, and the tenth was scheduled to be deposed on October 28, 2008.[6] Defendant's counsel did not contact Plaintiffs' counsel before sending its Notice of Depositions.[7] Plaintiffs' counsel worked to contact these Plaintiffs and to confirm the various dates and times set forth in the Notice of Depositions.[8] Defendant's counsel also worked to accommodate changes requested by Plaintiffs' counsel due to Plaintiffs' scheduling conflicts.[9]

It appears that as of Friday, October 17, 2008, Plaintiffs' counsel was able to confirm five of these depositions, but was unable to confirm five depositions which were scheduled to

---

[2] *See* Ex. C (Volumes 1-4) For Mem. in Supp. of Pls.' Mot. for Conditional Certification of Class Claims Under § 216(b) of the FLSA (doc. 106).

[3] *See* Order (doc. 137); Supplement to Pls.' Mem. In Supp. Of Conditional Certification Under the FLSA (doc. 138).

[4] *See* Notice of Deps. (doc. 145-2).

[5] *See id.*

[6] *See id.*

[7] *See* Def.'s Br. in Opp'n to Pls.' Mot. For Protective Order (doc. 147), at 5.

[8] *See* Pls.' Mot. For Protective Order (doc. 145), *see also* Ex. B - Email Communications (doc. 145-3).

[9] *See* Def.'s Br. in Opp'n to Pls.' Mot. For Protective Order (doc. 147), *see also* Ex. B - Email Communications (doc. 145-3).

take place between Monday, October 20, 2008 and Thursday, October 23, 2008.[10]  On Friday, October 17, 2008, Plaintiffs' counsel informed Defendant's counsel that he was only able to confirm five of the ten scheduled depositions.[11]  On that same date, Defendant served Plaintiffs with its Amended Notice of Depositions.[12]  Defendant's Amended Notice of Depositions contained revised deposition dates and times for the ten Plaintiffs included in Defendant's original Notice of Depositions, including the five depositions that Plaintiffs' counsel had not been able to confirm as of Friday, October 17, 2008. Thus, on Friday, October 17, 2008, Plaintiffs filed their Motion for Protective Order pursuant to D. Kan. Rule 26.2, thereby automatically staying the five depositions that are the subject of Plaintiffs' Motion.[13]

As set forth in their Motion, Plaintiffs request that the Court enter a Protective Order to stay the five depositions that Plaintiffs' counsel was unable to confirm and to require Defendant to work with Plaintiffs' counsel regarding scheduling and to contact Plaintiffs' counsel before noticing up any other depositions in order to ascertain availability.[14]  Defendant opposes this request and asks that the Court award Defendant its expenses incurred in opposing Plaintiffs'

---

[10] *See* Pls.' Mot. For Protective Order (doc. 145), at 3-4; Def.'s Br. In Opp'n to Pls.' Mot. For Protective Order (doc. 147), at 2; Ex. B - Email Communications (doc. 145-3); Notice of Deps. (doc. 145-2).

[11] *See* Ex. B - Email Communications (doc. 145-3).

[12] *See* Am. Notice of Deps. (doc. 145-4).

[13] *See* Pls.' Mot. For Protective Order (doc. 145). Under D. Kan. Rule 26.2, because Plaintiffs' Motion was filed and served within 11 days after service of Defendant's Notice of Depositions and at least 48 hours before the noticed time of the depositions, the five depositions which Plaintiffs Motion seeks to stay were automatically stayed pending the Court's decision on Plaintiffs' Motion for Protective Order.

[14] *See id.*

Motion for Protective Order.[15]  Defendant also asks the Court to move the deadline for Defendant to respond to Plaintiffs' motion for conditional certification.[16]

After the Motion for Protective Order was fully briefed, Defendant filed its Motion for Leave to File Sur-Reply Brief in Opposition to Plaintiffs' Motion for Protective Order (doc. 153).  Defendant failed to attach a copy of its proposed Sur-Reply Brief to its motion.

## II.   STANDARD

Whether to enter a protective order is within the sound discretion of the court.[17]  Fed. R. Civ. P. 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  The party seeking a protective order has the burden to show good cause for it.[18]  To establish good cause, that party must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[19]

## III.   ANALYSIS

Plaintiffs seek to stay the depositions of five opt-in Plaintiffs - Mary Watkins, Wynda Ray, Jay Garcia, Armando Bojorquez, and Weona Duran - all of which were scheduled to occur between October 20, 2008 through October 23, 2008.  Because these dates have passed, the Court finds that the portion of Plaintiffs' Motion for Protective Order seeking to stay these five depositions is moot.

---

[15] *See* Def.'s Br. In Opp'n to Pls.' Mot. For Protective Order (doc. 147).

[16] *See id.*

[17] *See Thomas v. IBM*, 48 F.3d 478, 482 (10th Cir. 1995).

[18] *See Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996)

[19] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981) (quotation and citations omitted).

Plaintiffs also ask the Court to require Defendant to work with Plaintiffs' counsel regarding scheduling and to contact Plaintiffs' counsel before noticing up any other depositions in order to ascertain availability.  This request will be granted in part and denied in part.  The Court will require counsel for the parties to confer in good faith or make a reasonable effort to confer in good faith to schedule depositions at a mutually agreeable place, date and time before sending a notice of such depositions.  Any future motion regarding the scheduling of depositions in this case shall be accompanied by a certification describing with particularity the efforts of the parties to resolve the scheduling dispute.

In its opposition to Plaintiffs' Motion, Defendant asks the Court to move the deadline for Defendant to respond to Plaintiffs' motion for conditional certification.  Since Defendant has now filed its response to Plaintiffs' motion for conditional certification (doc. 163), the Court finds this request moot.

Finally, Defendant filed its Motion for Leave to File Sur-Reply Brief in Opposition to Plaintiffs' Motion for Protective Order without attaching its proposed Sur-Reply Brief.  Under D. Kan. Rule 15.1, a motion for leave to file a sur-reply must have a copy of the proposed sur-reply attached to the motion.[20]  Thus, the Court will deny Defendant's motion for failure to attach its proposed Sur-Reply Brief to its motion.

## IV.     EXPENSES

In its Brief in Opposition to Plaintiffs' Motion for Protective Order, Defendant asks the Court to award Defendant its reasonable expenses, including attorneys' fees, incurred in preparing its opposition to Plaintiffs' Motion for Protective Order under Fed. R. Civ. P. 37.  Fed. R. Civ. P. 37 provides in pertinent part that if a motion for a protective order is "granted in part

---

[20] *See* D. Kan. Rule 15.1 ("a motion for leave to file a pleading . . . that may not be filed as a matter of right shall set forth a concise statement of the amendment or leave sought to be allowed with the proposed pleading attached.").

5

and denied in part, the court may . . . apportion the reasonable expenses for the motion."[21]  The Court has reviewed the relevant pleadings and finds that the parties should each bear their own expenses incurred in connection with Plaintiffs' Motion for Protective Order.

## V.     CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Protective Order is moot in part, granted in part and denied in part.  In addition, Defendant's request to extend the deadline to file its response to Plaintiffs' motion for conditional certification is found moot.  Further, Defendant's motion to file a sur-reply brief is denied.  Finally, the Court denies Defendant's request for expenses.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Protective Order (doc. 145) is found moot as to its request for a of the stay of the depositions of Mary Watkins, Wynda Ray, Jay Garcia, Armando Bojorquez, and Weona Duran, all of which were scheduled to take place between October 20, 2008 and October 23, 2008.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Protective Order (doc. 145) is granted in part and denied in part as to Plaintiffs' request that Defendant's counsel be required to work with Plaintiffs' counsel prior to scheduling depositions.  Before sending a deposition notice, counsel for the parties shall confer in good faith or make a reasonable effort to confer in good faith to schedule such deposition(s) at a mutually agreeable place, date and time.  Any future motion regarding the scheduling of depositions in this case shall be accompanied by a certification describing with particularity the efforts of the parties to resolve the scheduling dispute.

**IT IS FURTHER ORDERED** that Defendant's request to move Defendant's deadline to respond to Plaintiffs' motion for conditional certification is moot.

---

[21] Fed. R. Civ. P. 37(a)(5)(C).

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File Sur-Reply Brief in Opposition to Plaintiffs' Motion for Protective Order (doc. 152) is denied.

**IT IS FURTHER ORDERED** that Defendant's request for its reasonable expenses incurred in opposing Plaintiffs' Motion for Protective Order is denied.  The parties shall each bear their own expenses incurred in connection with Plaintiffs' Motion for Protective Order.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 31st day of October, 2008.

                                                  s/ David J. Waxse
                                                  David J. Waxse
                                                  United States Magistrate Judge

cc: All counsel and *pro se* parties