UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY

| | | |
|---|---|---|
| KEITH E. BARNWELL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO. 2:08-CV-02151-JWL-DJW |
| | ) | |
| v. | ) | Judge John W. Lungstrum |
| | ) | Magistrate Judge David J. Waxse |
| CORRECTIONS CORPORATION OF AMERICA, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

### ORDER APPROVING SETTLEMENT AGREEMENT

AND NOW, THIS 12th DAY OF February, 2009, upon consideration of the Parties' Joint Motion to Approve Settlement and Dismiss Action with Prejudice, it is **ORDERED**, **ADJUDGED** and **DECREED** that the Parties' motion is **GRANTED:**

A. Terms in this APPROVAL ORDER that appear in "all caps" shall have the meaning assigned to them in the SETTLEMENT AGREEMENT.

B. The COURT finds that it has jurisdiction over the claims asserted in the LITIGATION and over the PARTIES to the LITIGATION.

C. The COURT has reviewed the SETTLEMENT AGREEMENT executed by REPRESENTATIVE PLAINTIFFS Keith Barnwell and Feanja Smith (on behalf of themselves and the other PLAINTIFFS and OPT-IN PLAINTIFFS) and DEFENDANT, and their respective counsel. The SETTLEMENT AGREEMENT appears to be adequate, fair and reasonable. Accordingly, the COURT hereby **APPROVES** the SETTLEMENT AGREEMENT on the terms provided therein.

D. The COURT appoints PLAINTIFFS Keith Barnwell and Feanja Smith as REPRESENTATIVE PLAINTIFFS who, together with CLASS COUNSEL, shall be

authorized to act on behalf of all PLAINTIFFS and OPT-IN PLAINTIFFS with respect to the LITIGATION and this SETTLEMENT AGREEMENT.

E. The COURT approves the CLASS NOTICE and CLAIM FORMS and authorizes the mailing of the CLASS NOTICE and CLAIM FORMS to all members of the SETTLEMENT CLASS following the procedures set forth in the SETTLEMENT AGREEMENT.

F. The COURT appoints Class Action Administration, Inc. as the CLAIMS ADMINISTRATOR.

G. The COURT establishes the date that is sixty (60) days after the date on which the CLAIMS ADMINISTRATOR first mails the CLASS NOTICE and CLAIM FORMS to members of the SETTLEMENT CLASS as the BAR DATE (the date on which the CLAIMS ADMINISTRATOR must receive an individual SETTLEMENT CLASS member's CLAIM FORM, SUBSTITUTE W-9 FORM, and/or CURRENT EMPLOYEE CERTIFICATION in order for such documents to be considered timely).

H. The COURT has reviewed CLASS COUNSELS' application for an award of CLASS COUNSELS' FEES AND COSTS and hereby **APPROVES** CLASS COUNSELS' application as follows: The total amount of CLASS COUNSELS' attorneys' fees, costs, and expenses approved by the COURT as CLASS COUNSELS' FEES AND COSTS shall be thirty-three percent (33%) of the MAXIMUM GROSS SETTLEMENT AMOUNT, subject to the terms, conditions and limitations set forth in the SETTLEMENT AGREEMENT.

I. The COURT has reviewed PLAINTIFFS' application for an award of SERVICE PAYMENTS to SETTLEMENT CLASS members Keith Barnwell, Feanja D. Smith, Melissa Salazar, Carleen Madrid, Mark Montoya, Silvia Apodaca, and Nathan Gumke in recognition for

their efforts on behalf of the SETTLEMENT CLASS in the LITIGATION.  The amount of SERVICE PAYMENTS approved by the COURT shall be $2,500 each (for a total of $17,500) subject to the terms, conditions and limitations set forth in the SETTLEMENT AGREEMENT.

      J.      Effective as of the FINAL EFFECTIVE DATE, the RELEASING PERSONS shall be deemed to forever completely release and discharge CCA, and release and hold harmless the RELEASED PERSONS, from any and all wage-related claims of any kind, including but not limited to claims pursuant the FLSA, 29 U.S.C. § 201, *et. seq.,* of any kind, that any of the RELEASING PERSONS has, had, might have or might have had against any of the RELEASED PERSONS based on any act or omission that occurred prior to and including the date of this APPROVAL ORDER, in any way related to any of the facts or claims that were alleged or that could have been alleged in the LITIGATION or by reason of the negotiations leading to this settlement, even if presently unknown and/or un-asserted (the "RELEASED CLAIMS").  The RELEASED CLAIMS released by the RELEASING PERSONS as of the FINAL EFFECTIVE DATE includes any retaliation claims under the FLSA and/or state law regulating hours of work, wages, the payment of wages, and/or the payment of overtime compensation that could be brought by SETTLEMENT CLASS MEMBERS against CCA or any RELEASED PERSONS based on any act or omission that occurred up to and including the date of this APPROVAL ORDER; any breach of contract claims; and any state common law wage claims, including, but not limited to claims of unjust enrichment and quantum meruit; and any and all claims pursuant to or derived from The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*; that arise from any alleged failure to pay wages, including any claims for benefits under any benefit plans subject to ERISA that arise from any such alleged failure; and any wage-and-hour laws or wage-related claims under other laws, including but

not limited to any and all such claims pursuant to state law, and any other claims of any kind related to CCA's alleged failure to pay wages to the SETTLEMENT CLASS MEMBERS up to and including the date the COURT enters an APPROVAL ORDER.

K. All members of the FINAL SETTLEMENT CLASS will be bound by the terms and conditions of the SETTLEMENT AGREEMENT, this APPROVAL ORDER, the final judgment in this LITIGATION, and the releases set forth in the SETTLEMENT AGREEMENT.

L. PLAINTIFFS, OPT-IN PLAINTIFFS and CLASS COUNSEL shall not: (a) issue a press release or otherwise notify the media about the terms of the SETTLEMENT AGREEMENT; and/or (b) advertise any of the terms of the SETTLEMENT AGREEMENT through written, recorded or electronic communications. To the extent that PLAINTIFFS, OPT-IN PLAINTIFFS and/or CLASS COUNSEL are contacted by the media about the SETTLEMENT AGREEMENT, however, they are permitted to respond to such inquiries so long as they do not disclose any of the terms of the SETTLEMENT AGREEMENT. PLAINTIFFS, OPT-IN PLAINTIFFS and CLASS COUNSEL are permitted to communicate directly with members of the SETTLEMENT CLASS about the terms of the SETTLEMENT AGREEMENT.

M. The LITIGATION is dismissed on the merits and with prejudice.

N. The COURT retains jurisdiction to enforce the SETTLEMENT AGREEMENT.

**SO ORDERED.**

s/ John W. Lungstrum
Hon. John W. Lungstrum