## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Keith E. Barnwell et al.,**

      **Plaintiffs,**

v.                                                                                                  **Case No. 08-2151-JWL**

**Corrections Corporation of America,**

      **Defendant.**

### MEMORANDUM & ORDER

This matter is before the court on the motion of Prison Legal News, Inc. ("PLN") to intervene and to unseal the settlement agreement and related documents and transcripts (doc. 231) resolving the dispute between plaintiffs, certain current and former employees of Corrections Corporation of America ("CCA"), a private prison management company, and CCA. As will be explained, the motion is denied to the extent PLN moves the court to unseal transcripts that are not part of the court's file and is otherwise granted.

Plaintiffs sued CCA alleging that CCA regularly required its corrections officers, corrections counselors, case managers and clerical employees to perform off-the-clock pre-shift work and regularly required its corrections officers to perform off-the-clock post-shift work in violation of the Fair Labor Standards Act (FLSA). Shortly after the court conditionally certified plaintiffs' claims as a collective action under § 216(b) of the FLSA, the parties settled their dispute and submitted a joint motion for leave to file their settlement documents (including their motion for approval of the settlement) under seal, asserting that sealing the documents would "advance the Parties' settlement." The court summarily granted the parties' motion to file their

settlement documents under seal and, after reviewing the parties' sealed documents, entered an order approving the settlement agreement.

PLN has now moved to intervene and to unseal the settlement agreement "and related documents and transcripts." PLN is a non-profit corporation which publishes both a print edition and an online edition of Prison Legal News, a monthly magazine containing news articles regarding. among other topics, inmate litigation, including litigation trends and recent court decisions.  In support of its motion, PLN argues that the parties' settlement agreement is presumptively a public document and that the parties are unable to rebut the presumption of public access.  The parties oppose the motion, arguing primarily that the parties relied upon the confidentiality of their agreement in resolving their dispute.[1]  The court concludes that the parties' reliance on the confidentiality of their agreement, without more, is not significant enough to outweigh the strong presumption in favor of public access to judicial records.

Courts, including the Tenth Circuit, have long recognized a common-law right of access to judicial records. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citations omitted).  When a settlement agreement is approved by a court, that agreement becomes part of the court's file and constitutes a judicial record. *See Jessup v. Luther*, 277 F.3d 926, 929-30 (7th Cir. 2002) (when a settlement is filed under seal in the court's file it becomes part of the judicial record);

---

[1]The parties do not separately challenge PLN's motion to intervene and, in light of the limited purpose of PLN's motion, intervention is appropriate. *See In re Associated Press*, 162 F.3d 503, 507 (7th Cir. 1998) (granting a motion to intervene is the "appropriate procedural mechanism" to permit those asserting right of access to challenge suppression of materials).  The court, then, proceeds directly to resolve the issue of whether to unseal the parties' settlement agreement.

*Boone v. City of Suffolk*, 79 F. Supp. 2d 603, 609 (E.D. Va. 1999) (FLSA settlement approved by court is judicial record). The right of access to judicial records is not absolute and the presumption of access "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Mann*, 477 F.3d at 1149 (citation omitted). The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption. *Id*.

To begin, the parties suggest that the burden in this case should be shifted to PLN to come forward with a "compelling reason" to unseal the documents because the court has already "carefully considered" the parties' motion to file the documents under seal and, based on that careful consideration, determined that the documents should be kept under seal. The parties, however, have misconstrued the court's order granting the parties' motion for leave to file their settlement documents under seal. The court's one-sentence order granting the motion is consistent with the minimal scrutiny the court has routinely applied to an unopposed motion to seal in cases that do not involve issues concerning an obvious risk to public health or safety. In the absence of an objection to sealing an FLSA settlement agreement, the court historically has simply honored the negotiated terms of the parties' settlement agreement, which typically includes a confidentiality provision, because it recognizes that the parties are not gratuitously seeking court approval of their settlement but are required to do so and, but for that requirement, the agreement would not be maintained in the court's files. *See Saunders v. Champ Sports, Inc.*, 2008 WL 5142393, at *1 (S.D.W. Va. Dec. 8, 2008) (granting motion to seal FMLA settlement in part because the parties did not voluntarily elect to file the agreement with the court but were

3

required to do so under Fourth Circuit law).  In applying such minimal scrutiny to unopposed motions to seal, the court also recognizes that it will have the opportunity to fully assess the merits of sealing the agreement if a third-party comes forward–as has happened here–seeking to unseal the agreement.  The court, then, performs the appropriate balancing test at this juncture and, in doing so, requires the parties to rebut the presumption in favor of public access to the settlement agreement.[2]

The parties contend that they relied on the sealing of the agreement as an integral part of their negotiated settlement.  This argument, however, is entirely conclusory.  The parties do not provide any affidavits manifesting such reliance and there is no evidence (or argument) of any specific injury or harm that will result from public access to the settlement agreement.  Without more, the mere fact that the parties negotiated a "confidential" settlement is not sufficient to outweigh the strong presumption of public access to judicial records.  Indeed, numerous courts have so held.  *Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) (the fact that sealing of the agreement is an integral part of a negotiated settlement between the parties immaterial; absent showing of extraordinary circumstances, court file must remain open to the public); *Prater v. Commerce Equities Management Co.*, 2008 WL 5140045, at *10 (S.D. Tex. Dec. 8, 2008) (fact that FLSA settlement agreement contains a confidentiality provision is an insufficient interest to overcome the presumption that an approved FLSA settlement

---

[2]The court cannot locate, and the parties have not identified, any case in which a court that has already sealed documents has required the party seeking to unseal those records to come forward with a compelling reason in favor of unsealing the records.

4

agreement is a judicial record, open to the public); *El Paso Natural Gas Co. v. Southwest Forest Prods., Inc.*, 2008 WL 4808892, at *1 (D. Ariz. Oct. 28, 2008) (parties failed to articulate how their "need for confidentiality" of FLSA settlement overcomes the strong presumption of public access to agreement); *Bartelloni v. DeCastro*, 2007 WL 2155646, at * (S.D. Fla July 26, 2007) (fact that confidentiality of FLSA settlement agreement was one of the material terms of the agreement is not sufficiently "extraordinary" reason for keeping the agreement confidential).[3]

Finally, the parties suggest that the court should decline to unseal the settlement agreement because PLN seeks disclosure for the purpose of disparaging CCA (by attempting to demonstrate that CCA willfully violated the FLSA to the detriment of its employees) and that the contents of the agreement are not sufficiently newsworthy. But PLN's motivation in seeking the settlement agreement and the news value of the settlement are of no consequence because the "presumption of openness" is based on "the citizen's desire to keep a watchful eye on the workings of public agencies." *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263-64 (M.D. Ala. 2003) (fact that no third-party objected to sealing settlement inconsequential) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)); *Bartelloni v. DeCastro*, 2007 WL 2155646, at *1 n.2 (S.D. Fla. July 26, 2007) (principal justification for allowing public

---

[3]The parties rely on two cases in support of their argument that courts should refuse to open court records when the parties have relied upon confidentiality in fostering a settlement. The facts of those cases are easily distinguished from the facts here in that both cases involved a district court's refusal to modify a protective order governing the release of discovery materials–documents that, unlike the settlement agreement here, were never part of the court's file. *See Taylor v. Solvay Pharmaceuticals, Inc.*, 223 F.R.D. 544, 550 (D. Colo. 2004); *Cunningham v. Subaru of Am., Inc.*, 155 F.R.D. 205, 208 (D. Kan. 1994).

access to court records is accountability; presumption of openness does not depend upon media interest); *see also Jessup*, 277 F.3d at 929 ("The public has an interest in knowing what terms of settlement a federal judge would approve and perhaps therefore nudge the parties to agree to.").[4]

In sum, the court concludes that the parties' settlement agreement, having been approved by the court and maintained in the court's file, constitutes a judicial record that is presumptively open to the public for "review of the court's fairness in its decision-making." *Boone*, 79 F. Supp. 2d at 609. Moreover, the parties here have not rebutted the presumption because they have not shown that any need for confidentiality heavily outweighs the public's interest in access. Indeed, the parties have come forward with no evidence whatsoever that unsealing the settlement agreement would cause significant damage or prejudice to the parties or would void any material terms of the settlement agreement. Thus, the court will unseal the settlement agreement and related documents. Specifically, the court will direct the clerk of the court to unseal the following documents: Document 224, the parties' joint sealed motion for leave to file under seal settlement documents, including all attachments; Document 226, the parties' joint sealed motion for approval of FLSA collective action settlement; and Document 227, the parties' sealed memorandum in support of their joint sealed motion for approval of FLSA collective action

---

[4] In some circumstances, a party's motivation in seeking access to sealed documents bears on the court's determination of whether to unseal the documents, such as where the party seeks to use the documents to promote public scandal, to circulate libelous statements or to release trade secrets. *See United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) (citing *Nixon*, 435 U.S. at 598). None of those circumstances is present here.

settlement, including all attachments. To the extent PLN moves the court to unseal transcripts of any hearings that were held concerning the settlement, the court denies the motion because no such transcripts are maintained in the file. *See DeKalb Genetics Corp. v. Mycogen Plant Science, Inc*., 2002 WL 31718615, at *1 n.3 (N.D. Ill. Dec. 2, 2002) ("[T]he court cannot unseal what it does not have.").

**IT IS THEREFORE ORDERED BY THE COURT THAT** Prison Legal News, Inc.'s motion to intervene and to unseal the settlement agreement and related documents and transcripts (doc. 231) is granted in part and denied in part.

**IT IS FURTHER ORDERED BY THE COURT THAT** the clerk of the court shall unseal documents 224, 226 and 227, including all attachments thereto.

**IT IS SO ORDERED.**

Dated this _____ day of August, 2009, at Kansas City, Kansas.

                                                        s/ John W. Lungstrum
                                                        John W. Lungstrum
                                                        United States District Judge